Opinion issued December 14, 2006









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00280-CR






BRODERICK JERMAINE HAYES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 1037863






MEMORANDUM OPINION





 Appellant, Broderick Jermaine Hayes, was charged by indictment with
aggravated robbery, enhanced by two prior felony convictions. (1) Appellant pleaded
not guilty to the primary offense, but pleaded "true" to the enhancements. A jury
found him guilty as charged, and the trial court assessed punishment at 35 years'
confinement.

 In two issues, appellant (1) contends that he was denied effective assistance of
counsel and (2) challenges the factual sufficiency of the evidence to support his
conviction.

 We affirm.

Background

 At approximately 11:00 p.m. on May 13, 2005, the complainant, Courtney
Johnson, drove to a car wash to purchase marijuana from appellant. Johnson and
appellant knew each other, having been neighbors at an apartment complex, and
Johnson had purchased marijuana from appellant in the past. When Johnson arrived
at the car wash, he recognized a white, 4-door, Ford Focus that belonged to
appellant's girlfriend, Ronnita Harrison, parked in one of the stalls. Johnson parked
in the next stall, then went over and got into the back seat of the Ford. Harrison was
seated in the driver's seat, an unidentified male was in the front passenger seat, and
appellant was in the back seat, behind Harrison.

 Johnson had a brief conversation with appellant, then appellant reached under
the seat, pulled out a "little .38," "cocked it," pointed it at Johnson's face, and said,
"Up your shit." Johnson understood this to mean that he was to turn over his
valuables. Appellant told the man in the front seat to check Johnson's pockets. 
Appellant and the man took Johnson's watch, a gold mouthpiece, his cell phone, and
$500-800. Johnson was then told to get out of the car, to face the wall of the car
wash, and to take off his shoes. Appellant told Harrison to drive off. Appellant then
got into Johnson's car and drove away.

 Johnson walked to a pay phone at a nearby restaurant and called the police,
identifying appellant as the assailant. Johnson then got a ride to the bar where his
girlfriend, Amber Forsythe, was working and used her telephone to call his own
cellular telephone, which was in appellant's possession. After several attempts,
appellant finally answered, and Johnson asked appellant why he had robbed him. 
Appellant stated that he "was tripping." Johnson asked if he could have his car back. 
Appellant stated that he would call back with the location of the car. Johnson's car
was later found by police having been completely destroyed by fire.

 On March 21, 2006, the trial court signed the judgment on appellant's
conviction. Appellant filed motions for new trial on April 20 and 24, 2006. 



Ineffective Assistance of Counsel

 In his first issue, appellant contends that he received ineffective assistance of
counsel because his trial counsel "failed to object on numerous occasions to
testimony that was extremely damaging to [a]ppellant's case." Specifically, appellant
complains of 15 instances during trial in which he contends that counsel failed to
object to testimony that was inadmissible because it constituted hearsay or was
irrelevant, prejudicial, or nonresponsive. 

 To prove ineffective assistance of counsel, appellant must show (1) that
counsel's performance fell below an objective standard of reasonableness and (2) that
there is a reasonable probability that, but for counsel's unprofessional error, the result
of the proceeding would have been different. Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Andrews v. State, 159 S.W.3d 98, 102 (Tex.
Crim. App. 2005). Appellant must prove ineffective assistance by a preponderance
of the evidence and must overcome the strong presumption that counsel's conduct
falls within the wide range of reasonable professional assistance or might reasonably
be considered sound trial strategy. See Robertson v. State, 187 S.W.3d 475, 482 (Tex.
Crim. App. 2006); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st
Dist.] 1996, no pet.). 

 Allegations of ineffectiveness must be firmly founded in the record. Bone v.
State, 77 S.W.3d 828, 833 & n.13 (Tex. Crim. App. 2002). Normally, the record on
direct appeal is undeveloped and will not be sufficient to show that counsel's
representation was so deficient as to overcome the presumption that counsel's
conduct was reasonable. Id. A failure to make a showing under either prong of the
Strickland standard defeats a claim of ineffective assistance of counsel. Rylander v.
State, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003). 

 As the State contends, appellant lists instances in the record in which he
complains that his counsel should have objected on various bases without providing
any authority to support his specific arguments. Rather, appellant makes a bare
assertion that "if the court reads the testimony of all witnesses set forth below, it will
be obvious that the trial counsel was ineffective by not objecting to inadmissible
testimony." Appellant's argument is inadequately briefed and presents nothing for
review. See Tex. R. App. P. 38.1(h); Russeau v. State, 171 S.W.3d 871, 881 (Tex.
Crim. App. 2005).

 Even if we were to attempt to address appellant's contentions, the record is
silent concerning counsel's reasons for the lack of objections. See Gamble, 916
S.W.2d at 93. Although the record reflects that appellant filed motions for new trial,
appellant did not in his motions state claims of ineffective assistance of counsel on
the bases presented herein. (2) Further, there is nothing in the record that indicates
appellant obtained a hearing on his motions. Without testimony from trial counsel,
we must presume that counsel's conduct falls within the wide range of reasonable
professional assistance or might reasonably be considered sound trial strategy. See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble, 916 S.W.2d
at 93; see also Thomas v. State, 886 S.W.2d 388, 392 (Tex. App.--Houston [1st
Dist.] 1994, pet. ref'd) (explaining that failure to object to improper testimony can
constitute reasonable trial strategy).

 Accordingly, we overrule appellant's first issue. 

Factual Sufficiency In his second issue, appellant contends that the evidence is factually
insufficient to support his conviction because the testimony of the complainant, 
Johnson, was not credible. Specifically, appellant contends that there were major
inconsistencies in Johnson's testimony with regard to the type of firearm involved,
whether appellant used Johnson's cellular telephone after the robbery, and whether
the incident occurred during a drug transaction.

 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 & n.8 (Tex Crim. App. 1997). 
We will set the verdict aside only if (1) the evidence is so weak that the verdict is
clearly wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
"clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 407 (Tex. Crim. App. 2006). Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply because
we disagree with the jury's resolution of that conflict. Id. Before finding that
evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury's verdict. Id. In
conducting a factual-sufficiency review, we must also discuss the evidence that,
according to the appellant, most undermines the jury's verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). 

 We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The fact-finder alone determines what weight to place on contradictory testimonial evidence
because that determination depends on the fact-finder's evaluation of credibility and
demeanor. Cain, 958 S.W.2d at 408-09. As the determiner of the credibility of the
witnesses, the fact-finder may choose to believe all, some, or none of the testimony
presented. Id. at 407 n.5.


 A person commits the offense of robbery if, in the course of committing a theft
and with the intent to obtain or maintain control of the property, he intentionally or
knowingly threatens or places another in fear of imminent bodily injury or death. 
Tex. Pen. Code Ann. § 29.02(a)(2) (Vernon 2003). A robbery becomes aggravated
if, inter alia, the person uses or exhibits a deadly weapon. Id. 29.03(a)(2). A firearm
is, per se, a deadly weapon. Tex. Pen. Code Ann. § 1.07(a)(17)(A) (Vernon Supp.
2006).

 First, the State offered evidence of the commission of an aggravated robbery
by appellant. Johnson testified that, minutes after he got into the back seat of the car
with appellant, appellant pulled a firearm from under the seat. Johnson testified that
appellant had a "little .38" that was chrome in color, that appellant "cocked it," and
that appellant pointed it at Johnson's face. Johnson testified that appellant said, "Up
your shit," which Johnson understood to mean that he must turn over his valuables. 
Johnson testified that appellant and the male passenger took Johnson's watch, a gold
mouthpiece, his cell phone, $500-800, and his shoes. Johnson testified that he
thought appellant was going to shoot him. Appellant then got into Johnson's car and
drove away. 

 It was also Johnson's testimony that he walked to a pay phone and called
police, then got a ride to the bar where Forsythe worked and borrowed her telephone. 
Johnson said that he called his own cellular telephone, which appellant had stolen,
and that, when appellant answered, he asked appellant why he had robbed him and
that appellant stated that he "was tripping." Johnson asked if he could have his car
back. Appellant stated that he would call back with the location of the car. However,
Johnson's car was later found by police having been completely destroyed by fire.

 In addition to Johnson's testimony, the State offered the testimony of Johnson's
girlfriend, Forsythe, who stated that appellant arrived at her place of employment at
around midnight on the night of the incident. Forsythe testified that Johnson, who
was in his stocking feet and appeared scared, told her that appellant had just robbed
him. Forsythe testified that Johnson requested her cellular telephone and then left. 

 In contrast to the State's evidence, appellant's girlfriend, Harrison, testified
that, on the night at issue, she and appellant returned from shopping at approximately
7:00 p. m. and that they did not leave home again that night. Harrison testified that,
because she had to be at work at 6:00 the next morning, she and appellant stayed at
home and ordered a movie so that she could get to sleep early. 

 On appeal, appellant contends that Johnson's testimony was inconsistent with
regard to the weapon used during the robbery. It was Johnson's testimony at trial that
the gun was a chrome ".38" and that appellant "cocked it" by "sliding it." On cross-examination, the defense questioned Johnson regarding whether he was aware that
a .38 is a revolver and that it does not have a sliding chamber. In addition, the
defense presented the testimony of Detective Jeff Miller of the Houston Police
Department that, just after the incident, Johnson had described appellant's weapon
as "a black semiautomatic handgun like a .380." 

 On cross-examination, however, the State elicited testimony from Miller that,
in his experience as a robbery detective, it is not unusual for civilians to be unfamiliar
with differences between guns. Johnson testified that the gun admitted at trial for
demonstrative purposes was similar to the gun appellant used to rob him. The jury
could have reasonably concluded that there was sufficient evidence that appellant
exhibited a deadly weapon during the commission of the offense and that Johnson
was confused only as to the specific type. See Carter v. State, 946 S.W.2d 507,
510-11 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd).

 As appellant also contends, the record shows that the defense elicited testimony
from Miller that Johnson was unable to produce his cellular telephone records and
that Johnson had initially reported that his cellular telephone had not been used after
the robbery. At trial, Johnson testified that he spoke with appellant on Johnson's
stolen cellular telephone shortly after the robbery, at 1:00 a.m. Miller also testified
that Johnson had stated that this was not a drug-related incident. At trial, Johnson
testified that he met appellant to purchase drugs. Although Miller's testimony as to
Johnson's statements appears to contradict Johnson's own testimony at trial, the jury
was free to believe all, some, or none of the testimony offered. See Cain, 958 S.W.2d
at 407 n.5. 

 The jury is the sole judge of the facts, the credibility of the witnesses, and the
weight to be given the witnesses' testimony. Id.; Jaggers v. State, 125 S.W.3d 661,
672 (Tex. App.--Houston [1st Dist.] 2003, pet. ref'd.). In this case, the jury made the
determination that Johnson's testimony was credible. After reviewing all of the
evidence in a neutral light, we cannot conclude that the evidence is so weak that the
verdict is clearly wrong and manifestly unjust or that the verdict is against the great
weight and preponderance of the evidence. Johnson, 23 S.W.3d at 11. We hold that
the evidence is factually sufficient to support appellant's conviction. 

 Accordingly, we overrule appellant's second issue. 

Conclusion

 We affirm the trial court's judgment. 

 

 

 Laura Carter Higley

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).



1. § 
2. ' "
' "